MR. JUSTICE GROVES
delivered the opinion of the Court.
Mr. Leader, you were the respondent in a complaint filed against you with the Grievance Committee of this court. You were present at the hearing held by the Committee. Subsequent to the hearing the Committee made the following findings of fact.
“During May 1971 the Chambers Baptist Church of Aurora received a notification that their property was included in an improvement district and subject to an assessment for improvements. The Church felt these charges were the responsibility of the developer. The Respondent had been the attorney for the Church and had handled other legal matters for it and advised the Board of Trustees that they should wait until the improvement *403 district was finalized before suit could be brought. In June 1972 the Church received a notice of assessment (Exhibit A) in the amount of $7,863.40 and the Respondent was notified and instructed to proceed on behalf of the Church by telephone and personal conferences. The Respondent advised he was trying to settle the matter out of court. In the Spring of 1973 the Church received an assessment which was furnished to Respondent and Respondent advised them not to pay as the case would be settled before the payment would become due. In November 1973 a notification appeared in the Aurora Advocate Sentinel that the Church property was offered for public sale for failure to pay the assessment (Exhibit B). The Church officials were concerned about the tax sale and again they contacted the Respondent who advised them to pay the taxes and further advised that the case was pending and the matter would probably settle and they would recover. On November 28, 1973, five of the Trustees plus the Pastor and Superintendent of Missions and the Respondent met to discuss the case and to confirm their desire that suit be entered into immediately. At this time, the Church was aware that suit had not been filed but they reaffirmed their desire that Respondent commence suit and it was their understanding that suit would be filed. On January 16, 1974, a letter was written to Respondent requesting a status report on the action, which letter was sent by certified mail (Exhibit C). There were other contacts during the months of March and April, 1974 and the Church personnel were assured by Respondent suit would be filed; on occasions in February, March and April, 1974, Respondent assured them trial date would be forthcoming. In April 1974, Respondent advised there was to be a preliminary hearing on the matter and when the Church personnel requested permission to go to the hearing the Respondent requested they not appear and advised he would handle the matter. In July 1974, the Church officers again requested the Respondent to take affirmative response by August 10, 1974, and received no response, nor was suit instituted. In paying the assessment the Church incurred a penalty of approximately $100. The Church subsequently contacted other counsel and requested the material to be turned over but to date that turnover has not been accomplished.”
The Committee further found that you were guilty of gross negligence and carelessness in that you wilfully failed to act competently in respect to matters for which you had been engaged; and that your failure to act was in violation of DR 6-101 of the Code of Professional Responsibility, which reads:
“(A) A lawyer shall not:
“(1) Handle a legal matter which he knows or should know that he is not competent to handle, without associating with him a lawyer who is competent to handle it.
“(2) Handle a legal matter without preparation adequate in the circumstances.
*404 “(3) Neglect a legal matter entrusted to him.”
The Committee recommended that you receive public censure and that you pay the costs and expenses of this proceeding. We agree.
You are, therefore, publicly censured, Mr. Leader, and it is ordered that you pay the costs incident to this proceeding in the sum of $263.47, such payment to be made to the Clerk of this Court within 60 days.